**COPY**

FILED
NORTH COUNTY DIVISION
2018 JAN -9 PM 12: 02
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**BY FAX**

1  Paul J. Molinaro, SBN 242879
2  Nathan Fransen, SBN 242867
   Fransen & Molinaro, LLP
3  4160 Temescal Canyon Road, Suite 306
   Corona, California 92883
4  Tel. (951)520-9684 / Fax (951)277-7598
   pmolinaro@fransenandmolinaro.com
5  nfransen@fransenandmolinaro.com
   Attorneys for Plaintiffs
6

7 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF SAN DIEGO – NORTH COUNTY REGIONAL CENTER**

8
9  ALAN E. SHELTON, an Individual and        )  Case No. 37-2018-00001012-CU-BC-NC
   JUSTINE M. SHELTON, an Individual,        )  Judge:
10                                            )  Department:
      Plaintiffs,                            )  Date Filed:
11                                            )
      v.                                      )
12                                            )  COMPLAINT FOR DAMAGES
   OCWEN LOAN SERVICING, LLC, a              )  1.  Breach of Written Contract
13  DELAWARE LIMITED LIABILITY                )
   COMPANY; and DOES 1-10 Inclusive,        )
14                                            )
      Defendants.                            )
15                                            )
16                                            )

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON ROAD, SUITE 306
CORONA, CALIFORNIA 92883

17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT (Shelton v. Ocwen)
Page 1 of 5

I.   **INTRODUCTION**

Plaintiffs entered into a written contract with Defendants to settle San Diego Superior Court Case Number 37-2014-00030966. Defendants breached that settlement agreement, and Plaintiffs now bring suit against Defendants for financial damages, damage to credit scores, attorney's fees and costs, and any other relief available by law.

**PLAINTIFF HEREIN ALLEGES THAT:**

II.   **PARTIES**

1. Plaintiff ALAN E. SHELTON and Plaintiff JUSTINE M. SHELTON are, and at all times relevant to this Complaint were, Individuals and husband and wife. Plaintiff ALAN E. SHELTON and Plaintiff JUSTINE M. SHELTON are hereafter, collectively, "Plaintiffs."

2. Defendant OCWEN LOAN SERVICING, LLC (Hereafter "Defendant") is a Delaware limited liability company with corporate headquarters located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409. Defendant's registered agent for service of process in the State of California is CSC Lawyers Incorporating Service; 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833

3. The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants, DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names and capacities and will amend their Complaint to show their true names and capacities when the same have been ascertained.

4. At all times herein mentioned each Defendant was the agent or employee of each and all of the other Defendants and was acting within the course and scope of such agency or employment.

III.   **SUBJECT PROPERTY**

5. The real property which was the basis of San Diego Superior Court Case Number 37-2014-00030966 is commonly known as 619 South Cleveland Street, Oceanside, California 92054 and is hereafter known as the "Subject Property."

///

COMPLAINT (Shelton v. Ocwen)
Page 2 of 5

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON ROAD, SUITE 306
CORONA, CALIFORNIA 92883

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON ROAD, SUITE 306
CORONA, CALIFORNIA 92883

#### IV.   VENUE

6.   Venue is proper in this Court, because the Subject Property and all of the events, or the majority of the events, set forth herein occurred in the County of San Diego in the State of California.

#### V.   FACTUAL ALLEGATIONS

7.   In 2014, Plaintiffs were the owners of the Subject Property.

8.   In 2014, Defendant was the holder of a deed of trust on the Subject Property which secured a loan to Plaintiffs.[1]

9.   On September 15, 2014, Plaintiff ALAN E. SHELTON sued Defendant in the Superior Court of San Diego County. That case was assigned case number 37-2014-00030966 and is hereafter the "Lawsuit."

10.   The Lawsuit ended with a written confidential settlement agreement. That settlement agreement is hereafter the "Contract."

11.   The Contract was executed by Plaintiffs on August 31, 2015.

12.   The Contract was executed by Defendant on September 09, 2015

13.   Because of the confidentiality clause contained in the Contract, a copy of the Contract is not attached to this Complaint.

14.   The Contract required Defendant to accept a deed in lieu of foreclosure for the Subject Property from Plaintiffs. Plaintiffs executed the deed in lieu of foreclosure and delivered that document to Defendant.

15.   Upon settling the Lawsuit, executing the Contract, and delivering the deed in lieu of foreclosure, Plaintiffs expected, and reasonably so, that there would be no foreclosure on the Subject Property, no further debt collections taken against them by the Defendant, and no further negative credit reporting against them from the Defendant.

16.   It was foreseeable, and considered, at the time of the execution of the Contract that a breach of the Contract would result in credit score and credit reputation damage to the

---

[1] In layman's terms, Plaintiffs had a mortgage from Defendant, and that mortgage was secured by the Subject Property.

Plaintiffs. In fact, one of the main reasons that Plaintiffs entered into the Contract with Defendant was to protect their credit scores and reputation from further damage.

17. After executing the Contract and after accepting the deed in lieu of foreclosure from Plaintiffs, Defendant conducted a nonjudicial foreclosure on the Subject Property. To be clear, Defendant foreclosed on a property to which it already had title. There was no valid reason for conducting this foreclosure.

18. After executing the Contract and after accepting the deed in lieu of foreclosure from Plaintiffs, Defendant took further collection actions against Plaintiffs.

19. After executing the Contract and after accepting the deed in lieu of foreclosure from Plaintiffs, Defendant reported the foreclosure to the credit agencies.

20. The Contract contains an attorney's fees" provision which awards attorney's fees to the prevailing party in a dispute over the Contract. This Complaint is such a dispute.

## VI.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Breach of Written Contract)

21. Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth in Paragraphs 1 through 20.

22. Plaintiffs and Defendant entered into the written Contract.

23. Plaintiffs have performed all of their obligations, conditions, covenants, and promises under the Contract, except for any obligations, conditions, covenants, and promises which because of the breach by Defendant are excused or unable to be performed.

24. Defendant breached the Contract when it accepted the deed in lieu but conducted a nonjudicial foreclosure anyway.

25. Defendant breached the Contract when it continued to take collection actions against Plaintiffs.

26. Defendant breached the Contract when it inaccurately and negatively reported Plaintiffs to the credit agencies.

27. The breaches of the Contract by Defendant legally and proximately caused Plaintiffs to

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON ROAD, SUITE 306
CORONA, CALIFORNIA 92883

1   suffer, and continue to suffer, damages which include, but are not limited to, loss of

2   money, credit score and reputation damage, plus costs of suit and attorney's fees and

3   interest thereon.

4   28.   WHEREFORE, Plaintiffs pray for judgment against Defendant as more fully set forth

5   below.

6   **VII.   PRAYERS FOR RELIEF**

7   **PLAINTIFFS PRAY FOR JUDGMENT AS FOLLOWS:**

8   **FOR THE FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST ALL**

9   **DEFENDANTS, PLAINTIFFS PRAY FOR ALL OF THE FOLLOWING:**

10   29.   General damages to be determined according to proof; and

11   30.   Special damages to be determined according to proof; and

12   31.   All costs of suit herein incurred which will be shown according to proof; and

13   32.   For attorney's fees and costs of suit as allowed by the Contract; and

14   33.   Interest on the total sum at the prevailing legal rate from the date of filing this Cross-

15   Complaint; and

16   34.   Such other and further relief as the Court deems proper.

17   _01- 0 8- 18_

18   Date                                    Paul J. Molinaro, Attorney for Plaintiffs

19

20

21

22

23

24

25

26

27

28

FRANNEN & MOLINARO, LLP
4160 TEMESCAL CANYON ROAD, SUITE 306
CORONA, CALIFORNIA 92883