1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                   SOUTHERN DISTRICT OF CALIFORNIA

8

9   ALAN E. SHELTON, an Individual,          Case No.: 18-cv-02467-AJB-WVG
    and JUSTINE M. SHELTON, an
10  Individual;                               **ORDER:**

11                              Plaintiffs,   **(1) GRANTING IN PART AND
                                              DENYING IN PART OCWEN LOAN
12  v.                                        SERVICING'S MOTION TO
                                              DISMISS;**
13
     OCWEN LOAN SERVICING, LLC, a            **(2) GRANTING IN PART AND
14  Delaware Limited Liability Company;       DENYING IN PART CHRISTIANA
    U.S. BANK TRUST, N.A., in Its            TRUST'S MOTION TO DISMISS;**
15  Individual Capacity and as Trustee for
    LSF9 MASTER PARTICIPATION               **(3) GRANTING IN PART AND
16  TRUST; QUALITY LOAN SERVICE              DENYING IN PART CALIBER
    CORPORATION, a California                HOME LOANS AND U.S. BANK
17  Corporation; CALIBER HOME                TRUST'S MOTION TO DISMISS;
    LOANS, INC., a Delaware Corporation;     AND**
18  WSFS FINANCIAL CORPORATION,
    an Entity of Unknown Form;              **(4) GRANTING PLAINTIFFS LEAVE
19  WILMINGTON SAVINGS FUND                  TO AMEND THEIR FIRST
    SOCIETY, FSB, aka WSFS BANK, an         AMENDED COMPLAINT.**
20  Entity of Unknown Form;
    CHRISTIANA TRUST, a Division of
21  WSFS Bank, an Entity of Unknown
    Form, in Its Individual Capacity and as
22  Trustee of ARLP TRUST 3; and DOES
    1 - 50 Inclusive,
23
24
25
26
27                              Defendants.
28

                                    1

Before the Court are three motions to dismiss Plaintiffs' First Amended Complaint ("FAC"), (Doc. No. 1-4), for failure to state a claim brought by Defendant Ocwen Loan Servicing, LLC, (Doc. No. 6), Defendant Christiana Trust, (Doc. No. 24), and Defendants Caliber Home Loans, Inc., and U.S. Bank Trust, N.A., (Doc. No. 27).

## I.    BACKGROUND

The following facts are taken from the FAC and construed as true for the limited purpose of resolving the instant motions. *See Brown v. Elec. Arts, Inc.,* 724 F.3d 1235, 1247 (9th Cir. 2013).

Plaintiffs Alan E. Shelton and Justine M. Shelton (collectively "Plaintiffs") are husband and wife. (Doc. No. 1-4 ¶ 1.) On or about July 2007, Plaintiffs purchased real property at 619 South Cleveland Street in Oceanside, California, ("Property" or "Subject Property") subject to a mortgage for $810,000.00 ("Loan"). (Doc. No. 6-3, Ex. A ¶ A.) Defendant Ocwen Loan Servicing, LLC, ("Ocwen") was the loan servicer on the mortgage. (*Id*. ¶ B.) On or before 2013, Plaintiffs defaulted on the Loan. (*Id*. ¶ C.) On September 15, 2014, Plaintiffs filed a lawsuit in California state court against Ocwen, Case number 37-2014-00030966 ("First Action"). (Doc. No. 1-4 ¶ 11.)

The First Action resulted in the execution of a Confidential Settlement and Release Agreement ("Contract") by and between Plaintiffs and Ocwen. (*Id*.) The Contract purported to "settle all disputes and claims which exist or which may exist between and among [the Parties] arising out of the facts, matters, and events set forth above, without admitting any liability and settle their rights and obligations in connection with the Loan Documents." (Doc. No. 6-3, Ex. A ¶ F.) The Contract required Ocwen to accept a deed in lieu of foreclosure ("DIL") to the Subject Property and required Plaintiffs to surrender the premises with clear title and dismiss the First Action. (*Id*., Ex. A at 5–6.)

Plaintiffs executed the Contract on or about August 31, 2015. (*Id*., Ex. A at 11–12.) Plaintiffs allege Ocwen executed the Contract on September 9, 2015. (Doc. No. 1-4 ¶ 17.) The First Action was subsequently dismissed. (*Id*. ¶ 15.) Plaintiffs vacated the premises on or before November 15, 2015, as required by the Contract. (*Id*. ¶ 18.) On or about April

29, 2016, Ocwen sent Plaintiffs the Notice of Service Transfer to Caliber Home Loans, Inc., ("Caliber") to the address of the Subject Property, addressed to Plaintiffs. (*Id*., Ex. B.) On or about September 23, 2016, Quality Loan Service Corporation ("Quality") [1] recorded a Notice of Default and Election to Sell Under Deed of Trust with the San Diego County Recorder Office on the Subject Property. (*Id*., Ex. C.) Attached to the Notice of Default was a California Declaration of Compliance form, signed on or about November 21, 2013, by Matthew Owens, a Contract Management Coordinator for Ocwen. (*Id*., Ex. C at 60.) On or about January 3, 2017, Quality recorded a Notice of Trustee's Sale on the Subject Property. (*Id*., Ex. D.) And finally, Caliber recorded a Trustee's Deed Upon Sale on February 3, 2017, on behalf of Quality as Trustee, on the Subject Property. (*Id*., Ex. E.)

Plaintiffs now sue Defendants under the Contract and in connection with the subsequent non-judicial foreclosure on the Subject Property. Plaintiffs plead the following causes of action in their FAC: (1) breach of written contract; (2) breach of implied covenant of good faith and fair dealing; (3) fraud and intentional misrepresentation; (4) negligent misrepresentation; (5) negligence; (6) violations of section 17200 of the California Business and Professions Code; (7) intentional infliction of emotional distress; (8) violations of section 1692 *et seq*. of Title 15 of the United States Code, the Federal Fair Debt Collection Practices Act; and (9) negligence *per se*.

## II.     LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a case for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) motion is to test the legal sufficiency of the complaint and a claim may only be dismissed if "it appears beyond doubt that the plaintiff can prove no set of

---

[1] Quality is the successor Trustee and: Plaintiffs and Quality "agree that Quality Loan Service Corporation is named as a nominal Defendant and that Plaintiffs are not seeking any monetary relief against it, other than as a necessary party for the purposes of verifying acts taken and/or carrying out any necessary acts in accordance with its position as Trustee under the Deed of Trust." (Doc. No. 20 at 3.)

facts in support of his claim which would entitle him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (internal quotations omitted).

In order to survive a motion to dismiss, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (internal citations and quotations marks omitted) (emphasis and omission in original). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. With respect to Plaintiffs' state law causes of action, "California law applies because a federal court exercising jurisdiction over non-federal claims must usually apply the substantive law of the state in which it sits. [Citation]." *Yount v. Acuff Rose-Opryland*, 103 F.3d 830, 836 n.6 (9th Cir. 1996) (citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78–80 (1938)).

## III.   DISCUSSION

In their motions to dismiss, each Defendant moves to dismiss each cause of action in Plaintiffs' FAC on different grounds. Plaintiffs' FAC generally alleges all Defendants are liable for each cause of action, however, as discussed below, Plaintiffs do not sufficiently plead conspiracy or agency, nor do they specify which Defendant is responsible for the various alleged acts of misconduct. As such, the Court will address Defendants' requests for judicial notice and each cause of action as to each Defendant in turn.

A.   Defendants' Requests for Judicial Notice

Federal Rule of Evidence 201 states that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Ocwen requests judicial notice of the following three documents: (1) as Exhibit A the Notice and Default and Election to Sell under the Deed of Trust recorded on September 26, 2016 regarding the Property; (2) as Exhibit B the Notice of Trustee's Sale recorded on January 3, 2017 regarding the Property; and (3) as Exhibit C the Trustee's Deed upon Sale recorded on February 3, 2017 regarding the Property. (Doc. No. 6-2 at 2.)

Christiana Trust requests judicial notice of the following nine documents: (1) as Exhibit 1 the Deed of Trust recorded on July 27, 2017 regarding the Property; (2) as Exhibit 2 the Assignment of Deed of Trust recorded on August 24, 2011 regarding the Property; (3) as Exhibit 3 the Assignment of Deed of Trust recorded on December 13, 2013 regarding the Property; (4) as Exhibit 4 the Substitution of Trustee recorded on January 15, 2014 regarding the Property; (5) as Exhibit 5 the Corrective Assignment of Deed of Trust recorded on September 7, 2016 regarding the Property; (6) as Exhibit 6 the Substitution of Trustee recorded on September 26, 2016 regarding the Property; (7) as Exhibit 7 the Notice of Default and Election to Sell under Deed of Trust recorded on September 26, 2016 regarding the Property; (8) as Exhibit 8 the Notice of Trustee's Sale recorded on January 3, 2017 regarding the Property; and (9) as Exhibit 9 the Trustee's Deed upon Sale recorded on February 3, 2017 regarding the Property. (Doc. No. 24-2 at 2–3.)

All of the above documents are proper for judicial notice as they are publicly recorded documents, referenced in the FAC and/or are central to the allegations of Plaintiff's FAC. *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Accordingly, the Court **GRANTS** Ocwen's request for judicial notice and **GRANTS** Christiana Trust's request for judicial notice.

B.     Insufficiently Pled Agency and Conspiracy Claims

Plaintiffs allege as a part of each of their causes of action that "all of the Defendants were, and are, agents of, assigns of, or acting on behalf of, in concert with, and/or conspiring with, each other in doing all of the actions alleged herein." (Doc. No. 1-4 ¶¶ 33,

43, 53, 65, 76, 96, 133, 143, 153.) However, the balance of Plaintiffs' FAC is generally devoid of any specific factual allegations to support their claims of agency or conspiracy.

Under California Civil Code section 2295, an agent is "'one who represents another, called the principal, in dealings with third persons.' An agent acts on behalf of the principal and subject to the principal's control." *Seibold v. Ctny. of Los Angeles*, 240 Cal. App. 4th 674, 683 (2015). "[W]hether an agency relationship has been created or exists is determined by the relation of the parties as they in fact exist by agreement or acts, and the primary right of control is particularly persuasive." *Ralphs Grocery Co. v. Victory Consultants, Inc.*, 17 Cal. App. 5th 245, 262–63 (2017) (internal citations omitted). "A principal who conducts an activity through an agent is subject to liability for harm to a third party caused by the agent's conduct if the harm was caused by the principal's negligence in selecting, training, retaining, supervising, or otherwise controlling the agent." *Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133, 1140 (2009) (quoting Restatement (Third) of Agency § 7.05 (2006)). Plaintiffs' FAC alleges no facts of agreement, actions constituting agreement, or control beyond the conclusory statement that Defendants were agents of one another and were acting within the scope of such agency. (*See e.g.*, Doc. No. 1-4 ¶ 9.) This is insufficient to support a claim of agency.

"[C]onspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *I-CA Enterprises, Inc. v. Palram Americas, Inc.*, 235 Cal. App. 4th 257, 271 (2015) (internal quotations and citations omitted). "A party seeking to establish a civil conspiracy must show that each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it. It is not enough that the [conspirators] knew of an intended wrongful act, they must agree—expressly or tacitly—to achieve it." *AREI II Cases*, 216 Cal. App. 4th 1004, 1022 (2013) (internal quotations and citations omitted). "To properly plead a conspiracy cause of action, the plaintiff must allege 'the formation and operation of the conspiracy and

damage resulting to plaintiff from an act or acts done in furtherance of the common design.'" *AccuImage Diagnostics Corp v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 947 (N.D. Cal. 2003) (quoting *Mox, Inc. v. Woods,* 202 Cal. 675, 677 (1927)). Again, Plaintiffs allege no facts of agreement, express or implied, or mutual understanding to achieve a common and unlawful plan beyond the conclusory statement that Defendants conspired with one another.

Plaintiffs allege various acts occurred, which purportedly caused their injuries, but fail to allege how any of these acts fit together to show agency or a conspiracy. Plaintiffs' attempt to address this pleading deficiency in their opposition papers also falls short. First, Plaintiffs' opposition papers contain the same conclusory statements and discrete acts without any facts to show agreement. Second, the Court generally cannot look beyond the pleadings to resolve a motion to dismiss for failure to state a claim. *Schneider v. Cal. Dep't of Corrs.,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *Jacobellis v. State Farm Fire & Cas. Co.,* 120 F.3d 171, 172 (9th Cir. 1997); *Allarcom Pay Television Ltd. v. Gen. Instrument Corp.,* 69 F.3d 381, 385 (9th Cir. 1995). New allegations contained in plaintiffs' moving papers are irrelevant for Rule 12(b)(6) purposes. *Schneider*, 151 F.3d at 1197 n.1.

The Court finds Plaintiffs' FAC fails to allege facts to support a finding of agency or conspiracy sufficient to state a claim under those theories. To the extent the FAC relies on these theories, the Court will disregard those allegations. Therefore, the Court will assess each cause of action discretely as to each defendant challenging the FAC.

C.    Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss

Ocwen moves to dismiss Plaintiffs' FAC for failure to state a claim as to each cause of action, generally, on the grounds that Ocwen did not conduct the non-judicial foreclosure and, even if Ocwen did conduct the non-judicial foreclosure, it had that right under the Contract and DIL. The Court will assess the sufficiency of each cause of action as to Ocwen in turn.

/ / /

/ / /

*i.     Breach of Written Contract Claim*

Ocwen moves to dismiss the first cause of action for breach of written contract for failure to state a claim on the following grounds: (1) Ocwen did not conduct a non-judicial foreclosure sale of the Subject Property and (2) the Contract and DIL expressly allowed for non-judicial foreclosure.

*a.     Plaintiffs sufficiently pled a claim for breach of written contract as to Ocwen*

To state a claim for breach of a written contract, a plaintiff must allege the essential elements: (1) existence of a contract; (2) performance of all conditions on the claimant's part or the claimant's excuse for nonperformance; (3) breach by the defendant; and (4) resulting damage to the claimant. *See Reichert v. General Ins. Co.*, 68 Cal. 2d 822, 830 (1968).

"'Resolution of contractual claims on a motion to dismiss is proper if the terms of the contract are unambiguous.'" *Monaco v. Bear Sterns Residential Mortg. Corp.,* 554 F. Supp. 2d 1034, 1040 (C.D. Cal. 2008) (quoting *Bedrosian v. Tenet Healthcare Corp.,* 208 F.3d 220 (9th Cir. 2000)). "A contract provision will be considered ambiguous when it is capable of two or more reasonable interpretations." *Id.* (citing *Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.,* 5 Cal. 4th 854, 867 (1993)). "An ambiguity may appear on the face of an agreement or extrinsic evidence may reveal a latent ambiguity." *Fremont Indem. Co. v. Fremont Gen. Corp.,* 148 Cal. App. 4th 97, 114 (2007) (citation omitted). Language in a contract must be construed as a whole and in the circumstances of the case. *Bank of W. v. Superior Court,* 2 Cal. 4th 1254, 1265 (1992). Where the language "leaves doubt as to the parties' intent," the motion to dismiss must be denied. *See Consul Ltd. v. Solide Enters., Inc.,* 802 F.2d 1143, 1149 (9th Cir. 1986).

Here, Plaintiffs allege they entered into a written Contract with Ocwen. (Doc. No. 1-4 ¶¶ 18, 34.) Plaintiffs allege they performed all of their "obligations, conditions, covenants, and promises under the Contract." (Doc. No. 1-4 ¶ 35.) Accepting Plaintiffs' allegations as true, Plaintiffs executed and timely returned the DIL and the Contract to

8

Ocwen on August 31, 2015. (*Id*. ¶ 18.) They filed a voluntary dismissal of the First Action. (*Id*. ¶ 20.) They surrendered and vacated the Subject Property on or before the Vacate Date specified in the Contract. (*Id*. ¶ 18.) The title on the Subject Property was "clear." (*Id*.) Plaintiffs were not notified of any issues related to the title to the Subject Property or the interior of the Subject Property. (*Id*. ¶¶ 18, 39.) Construing all reasonable inferences in Plaintiffs' favor, the interior of the Subject Property was satisfactory under the Contract. (*Id*. ¶ 18.)

Plaintiffs allege Ocwen breached the Contract when they failed to perform its obligations under the Contract. Again, accepting Plaintiffs' allegations as true, the Contract required Ocwen to accept the DIL, (Doc. No. 6-3, Ex. A at 5), settle the Loan, (*id*.), take possession of the Subject Property, and to cease further debt collection and negative credit reporting as to the Loan. (Doc. No. 1-4 ¶ 20.) Ocwen accepted the DIL, but failed to perform its other obligations. Ocwen took no steps to accept ownership of the Subject Property on behalf of Christiana Trust pursuant to the DIL. Ocwen failed to settle the Loan pursuant to the Contract, demonstrated by Ocwen's subsequent transfer of the servicing of the Loan after the execution and delivery of the Contract and DIL. (*See id*. ¶ 22; *see also id.*, Ex. B.) Ocwen did not take possession or secure the Property resulting in squatters taking possession. (*Id*. ¶ 18.) Plaintiffs further allege Ocwen breached the Contract's "Time is of the Essence" clause, (*see* Doc. No. 6-3, Ex. A at 9), by failing to timely exercise the option of either accepting the DIL or rejecting the DIL, and in doing so, breached the Contract. (*See* Doc. No. 1-4 ¶ 39.)

Lastly, Plaintiffs allege they have been damaged by Ocwen's breach because Ocwen and its successors continued debt collection against Plaintiffs, continued negative reporting against Plaintiffs, and ultimately foreclosed on the Subject Property. Plaintiffs' stated reason for entering into the Contract and executing the DIL was "to protect their credit scores, credit reputation, and and [*sic*] status in their community." (*Id*. ¶ 21.) Plaintiffs allege they have experienced, and continue to experience, loss of money, credit score and

credit reputation damages. (*Id*. ¶ 40.) The Court finds Plaintiffs have sufficiently stated a claim for breach of contract as to Ocwen.

> b. *Even if Ocwen did not conduct the non-judicial foreclosure, they could still be liable for breach of contract.*

Ocwen argues it did not breach the Contract because Caliber, not Ocwen, ultimately foreclosed on the Subject Property. (Doc. No. 6-1 at 9–10, 13.) However, Ocwen fails to address the other acts and omission Plaintiffs allege were committed by Ocwen. Specifically, Ocwen did not settle the Loan but rather transferred it to another servicer, it did not take possession of the Subject Property, continued collection activities and negative credit reporting against Plaintiffs, and generally failed to act timely under the Contract and DIL. The ultimate foreclosure on the Subject Property was but one instance of an alleged breach. Ocwen provides no explanation for its other actions or excuse for non-performance beyond the conclusory statements that they always had the right to foreclose on the Subject Property.

Construing the allegations in the light most favorable to Plaintiffs, Ocwen's failure to settle the Loan, failure to take possession of the Subject Property, and general failure to act timely under the Contract, are sufficient allegations to support a breach of contract claim.

> c. *The Contract language allowing for non-judicial foreclosure is ambiguous.*

Ocwen argues that, even if Ocwen had foreclosed on the Subject Property, it always had such a right under Contract. (Doc. No. 6-1 at 9–10, 14–15.)  Such a provision in the context of these integrated documents appears ambiguous.

Plaintiffs argue they entered into the Contract and DIL to settle the First Action and avoid foreclosure. (*See* Doc. No. 1-4 ¶ 20.) The DIL purports to grant the Subject Property to Christiana Trust, through Ocwen, in exchange for "full satisfaction of all obligations secured by the deed of trust" and is characterized as an "absolute conveyance." (Doc. No. 6-3, Ex. A at 5.) The Estoppel Affidavit attached to the DIL states "the consideration for

said deed was and is the full cancellation of all debts, obligations, costs and charges secured by the certain deed of trust executed by [Plaintiffs]…." (Doc. No. 1-4, Ex. A at 51.) Ocwen points to paragraph 8 of the Contract that reserved for Ocwen, and its successors and assigns, the right to foreclose. (Doc. No. 6-3, Ex. A at 8.) Thus, foreclosure was always an option under the Contract and DIL. It is not clear from the FAC or the moving papers how the stated aims of the Contract and DIL and paragraph 8 align. Therefore, it appears the "integrated" Contract, comprised of the Contract and DIL, is susceptible to two interpretations and thus, is ambiguous. *See Bay Cities Paving & Grading, Inc.,* 5 Cal. 4th at 867. The language as to the purpose and intended result of the Contract and DIL is ambiguous; specifically, whether the right to foreclose was reserved or extinguished by the integrated Contract.

The Court finds Plaintiffs have alleged facts sufficient to state a plausible claim for breach of written contract. Further, the Court finds the integrated Contract is susceptible to more than one interpretation, therefore, it is not suitable for resolution on a motion to dismiss.

Accordingly, the Court **DENIES** Ocwen's motion to dismiss Plaintiffs' first cause of action.

  *ii. Breach of Implied Covenant of Good Faith and Fair Dealing Claim*

Ocwen moves to dismiss the second cause of action for breach of implied covenant of good faith and fair dealing for failure to state a claim on the ground that the claim is duplicative of the breach of contract claim.

The implied covenant of good faith and fair dealing provides that no party to a contract may do anything that would deprive another party of the benefits of the agreement. *See Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 400 (2000). "This covenant not only imposes upon each contracting party the duty to refrain form [*sic*] doing anything which would render performance of the contract impossible by any act of his own, but also the duty to do everything that the contract presupposes that he will do to accomplish its purpose." *Harm v. Frasher,* 181 Cal. App. 2d 405, 417 (1960); *see also*

*Careau & Co. v. Security Pac. Bus. Credit, Inc.,* 222 Cal. App. 3d 1371, 1393 (1990). "[A]llegations which assert such a claim must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." *Careau & Co.*, 222 Cal. App. 3d at 1395. However, an implied covenant claim that "merely realleges the breach [of contract] as the violation of the covenant is superfluous." *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 352 (2000).

In order to assert this claim, Plaintiffs must plead the existence of a contractual obligation, along with "conduct which … frustrates the other party's rights to benefit from the contract." *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031–32 (1992), *reh'g denied and opinion modified* (Jan. 6, 1993), *as modified on denial of reh'g* (Mar. 25, 1993).

Plaintiffs argue Ocwen had a contractual obligation to accept the DIL and settle the Loan and Ocwen not only failed to perform their obligations, but did so in bad faith. Ocwen argues Plaintiffs cannot establish noncompliance with the Contract or DIL and the implied covenant claim is duplicative of breach of written contract claim. (Doc. No. 6-1 at 16.) As previously discussed, Plaintiffs adequately pled their breach of contract claim. Plaintiffs allege actions by Ocwen beyond the breach of contract; specifically, the transfer of the Loan to Caliber after the execution, delivery of the Contract and DIL, the continued debt collection actions, and negative reporting to credit agencies. (Doc. No. 1-4 ¶ 47.) The Court finds the FAC contains facts sufficient to state a claim for breach of implied covenant of good faith and fair dealing.

Accordingly, the Court **DENIES** Ocwen's motion to dismiss Plaintiffs' second cause of action.

/ / /

### iii. Fraud and Intentional Misrepresentation Claim

Ocwen moves to dismiss of the third cause of action for fraud and intentional misrepresentation on the following grounds: (1) failure to meet the requirements of Federal Rule of Civil Procedure Rule 9(b); (2) violating the parol evidence rule; and (3) being duplicative of the breach of contract claim.

A breach of contract may be tortious where: "(1) the breach is accompanied by a traditional common law tort, such as fraud or conversion; (2) the means used to breach the contract are tortious, involving deceit or undue coercion; or (3) one party intentionally breaches the contract intending or knowing that such a breach will cause severe, unmitigable harm in the form of mental anguish, personal hardship, or substantial consequential damages.' Focusing on intentional conduct gives substance to the proposition that a breach of contract is tortious only when some independent duty arising from tort law is violated." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004) (citations omitted). A breach of the implied covenant of good faith and fair dealing or where the contract was fraudulently induced are examples of when a breach of contract rises to the level of tortious. *See id.* at 989.

The elements of common law fraud in California are: (1) a misrepresentation of material fact (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to defraud, *i.e.* to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Id.* at 990. A plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106–07 (9th Cir. 2003) (stating a plaintiff must include "the who, what, where, when and how" of the fraud).

### a. Plaintiffs fail to satisfy Rule 9(b).

"Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by the who, what, when, where,

and how of the misconduct charged. A plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (internal citations omitted). "[W]here multiple defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud." *Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191, 1199 (E.D. Cal. 2009).

Additionally, where a fraud or misrepresentation is predicated on a failure to perform contractual obligations, California law requires "something more than nonperformance" to prove the "defendant's intent not to perform his promise." *Tenzer v. Superscope Inc.,* 39 Cal. 3d 18, 30 (1985); *see also Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n,* 55 Cal. 4th 1169, 1183 (2013) (finding intent must be shown by more than proof of an unkept promise or mere failure to perform). Fraudulent intent may be established or inferred by circumstantial evidence. *Tenzer*, 39 Cal. 3d at 29 (citing Prosser and Keeton on Torts 764–765 (5th ed. 1984)).

Plaintiffs allege Ocwen entered into the Contract and DIL with no intention of honoring the promises therein. However, Plaintiffs fail to plead with particularity any facts beyond that conclusory statement to support their claim. Plaintiffs generally allege a variety of discrete acts, representations, and omissions, but fail to identify with particularity how those acts of misconduct add up to fraud. Plaintiffs' allegations are missing the "who, what, when, where, and how of the misconduct charged." *See Vess*, 317 F.3d at 1106. Plaintiffs do not identify with particularity who is responsible for which acts of alleged misconduct. Nor do Plaintiffs disclose the substance of the representations beyond a general allegation that representations were made.

The Court finds Plaintiffs fraud and intentional misrepresentation claims fail to satisfy the Rule 9(b) heightened pleading standard.

> **b.** *Ocwen's parol evidence rule argument is not persuasive.*

Ocwen argues any representations made outside the express provisions of the written Contract is barred by the parol evidence rule. (Doc. No. 6-1 at p. 17.) The parol evidence

rule bars consideration of evidence of contemporaneous statements where the written contract is unambiguous. Cal. Civ. Proc. §1856(g). However, the California Supreme Court has unequivocally held that parol evidence is admissible to prove fraud. *See Riverisland Cold Storage, Inc.*, 55 Cal. 4th at 1180. "'Parol evidence is always admissible to prove fraud, and it was never intended that the parol evidence rule should be used as a shield to prevent the proof of fraud.'" *Id*. at 1180–81 (quoting *Ferguson v. Koch*, 204 Cal. 342, 347 (1928)).

Plaintiffs allege Ocwen, in addition to breaking the express promises made in the Contract and DIL, acted with the intention to never honor the express promises made. (Doc No. 1-4 ¶ 54.) Therefore, despite the general statutory bar on parol evidence in contract interpretation cases, where fraud is alleged, such evidence may be considered.

The parol evidence rule only guards against the introduction of evidence to show promises inconsistent with the promises expressed in the written contract and not against introduction of evidence to prove fraud. Therefore, the Court does not find Ocwen's parol evidence argument persuasive.

### c. *Plaintiffs' fraud claim is not duplicative.*

Ocwen further argues Plaintiffs' fraud claim "merely restate[s] the breach of written contract [claim]." (Doc. No. 6-1 at 17.) In order to maintain a claim for fraud or intentional misrepresentation in connection with a breach of contract claim, a plaintiff must allege some misconduct independent of the breach. *See Robinson Helicopter Co.*, 34 Cal. 4th at 990.

Plaintiffs allege Ocwen acted wrongfully, either negligently, intentionally, or fraudulently. As such, Ocwen's "repackaging" or "duplicative" argument is unavailing. However, as discussed above, Plaintiffs fail to plead their fraud claim with the particularity required by Rule 9(b).

/ / /

/ / /

/ / /

d.     *Plaintiffs' illusory contract argument was not properly alleged in the FAC.*

In their opposition papers, Plaintiffs argue Ocwen's reliance on the Contract provision that purports to allow foreclosure renders the Contract illusory for lack of consideration. (Doc. No. 17 at 7.)

As previously stated, the Court generally cannot look beyond the pleadings to resolve a motion to dismiss for failure to state a claim. *Schneider,* 151 F.3d at 1197 n.1. Therefore, the Court finds Plaintiffs' illusion and consideration allegations unsuitable for determination in the present motion.

In sum, the Court finds Plaintiffs have not alleged facts sufficient to state a plausible claim for fraud or intentional misrepresentation because they have not alleged the fraudulent misconduct with particularity as required by Rule 9(b).

Accordingly, the Court **GRANTS** Ocwen's motion to dismiss as to this claim.

iv.     *Negligent Misrepresentation*

Ocwen moves to dismiss the fourth cause of action for negligent misrepresentation for failure to state a claim on the ground that the claim is barred by the "integrated" Contract and fails to satisfy Rule 9(b).

"The elements of negligent misrepresentation are the same as intentional fraud with the exception of the requirement of scienter." *Chan v. Chancelor*, No. 09CV1839 AJB (CAB), 2011 WL 5914263, at *5 (S.D. Cal. Nov. 28, 2011) (citing *Melican v. Regents of Univ. of Cal.*, 151 Cal. App. 4th 168, 181–82 (2007)). "Like a claim for intentional fraud, a claim for negligent misrepresentation must meet the particularity requirement of Rule 9(b)." *Id.* The elements of negligent misrepresentation are: "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Apollo Capital Fund LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007). "In contrast to fraud, negligent misrepresentation does not require knowledge of falsity." *Id.* "However, a positive

assertion is required; an omission or an implied assertion or representation is not sufficient." *Id*.

Here, Plaintiffs plead no specific factual allegations regarding any particular misrepresentation made by any particular Defendant. To the contrary, Plaintiffs again lump together the Defendants and make only broad allegations regarding misrepresentation. Again, Plaintiffs' allegations of misconduct do not satisfy the particularity requirement of Rule 9(b). Furthermore, many of Plaintiffs' allegations are for omissions and lack the "positive assertions" required to sufficiently plead negligent misrepresentation.

Accordingly, the Court **GRANTS** Ocwen's motion to dismiss as to this claim.

*v.     Negligence Claim*

Ocwen moves to dismiss the fifth cause of action for negligence for failing to state a claim on the ground that Ocwen did not owe Plaintiffs a duty of care.

To properly state a claim for negligence, a plaintiff must show: (1) the defendant owed a legal duty to the plaintiff; (2) the defendant breached that duty; (3) the breach was the proximate or legal cause of their injuries; and (4) damages. *Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 463 (2003); *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998). "[W]here the 'negligent' performance of a contract that amounts to nothing more than a *failure* to perform the express terms of the contract, the claim is one for contract breach, not negligence." *N. Am. Chem. Co. v. Superior Court*, 59 Cal. App. 4th 764, 774 (1997) (emphasis in original) (citations omitted). "However, for over fifty years California has also recognized the fundamental principle that [a]ccompanying every contract is a common-law duty to perform with care, skill, reasonable expedience, and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort, as well as a breach of the contract." *Id*. (internal quotations omitted). And while "[a] contractual obligation may create a legal duty . . . conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law." *Erlich v. Menezes*, 21 Cal. 4th 543, 551 (1999).

Plaintiffs allege Ocwen owed them a general duty of care to use ordinary care to prevent causing Plaintiffs' injury. Ocwen argues Plaintiffs' negligence claim is merely a repackaging of the breach of contract claim. (Doc. No. 6-1 at 19.) The Court agrees. Plaintiffs' FAC fails to allege Ocwen owed a duty of care independent of its obligations under the Contract. "Contract law exists to enforce legally binding agreements between parties; tort law is designed to vindicate social policy." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514 (1994) (citation omitted). Here, Plaintiffs have not alleged a duty or obligation beyond the Contract.

In their opposition, Plaintiffs argue "Ocwen fails to properly apply [the *Nymark*[2]] test to the case now before the Court." (Doc. No. 17 at 9.) Plaintiffs then proceed to apply the *Nymark* factors to their case to argue Ocwen owed them a duty of care. *Id*. However, Plaintiffs failed to plead these allegations in their FAC. As stated above, the Court cannot and will not look beyond the pleadings to resolve a motion to dismiss for failure to state a claim. *See Schneider*, 151 F.3d at 1197 n.1. Therefore, the Court finds this argument unsuitable for consideration in the present motion.

Accordingly, the Court **GRANTS** Ocwen's motion to dismiss as to this claim.

  *vi.*  *Violations of California Business & Profession's Code § 17200 Claim*

Ocwen moves to dismiss the sixth cause of action for violations of section 17200 of the California Business and Professions code, California's Unfair Competition Law ("UCL"), for failing to state a claim on the following grounds: (1) the underlying claims fail and (2) the remedy available under the UCL is inapplicable.

To maintain a claim under the UCL, a plaintiff must allege that she has suffered (1) economic injury (2) as a result of the alleged unfair business practice. *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 967 (N.D. Cal. 2015) (citing *Kwikset Corp. v. Sup. Ct.,* 51 Cal. 4th 310, 323 (2011)). The UCL prohibits any "unlawful, unfair or fraudulent business act or practice . . . ." Cal. Bus. & Prof. Code § 17200. Since the statute

---

[2] *Nymark v. Heart Federal Savings & Loan Ass'n*, 231 Cal. App. 3d 1089 (1991)

is written in the disjunctive, there are three separate types of unfair competition: (1) unlawful, (2) unfair, or (3) fraudulent. *Pastoria v. Nationwide Ins.,* 112 Cal. App. 4th 1490, 1496 (2003).

### a. Plaintiffs sufficiently allege unlawful conduct.

To state a claim under the unlawful prong of the UCL, a plaintiff must plead: (1) a predicate violation, and (2) an accompanying economic injury caused by the violation. *In re Trader Joe's Tuna Litig.*, 289 F. Supp. 3d 1074, 1088 (C.D. Cal. 2017). "[V]irtually any state, federal or local law can serve as the predicate." *Friedman v. AARP, Inc.*, 855 F.3d 1047, 1052 (9th Cir. 2017) (internal citations and quotation marks omitted). "Section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel–Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163, 180 (1999) (internal quotations omitted). Conduct that violates the FDCPA would be sufficient to support a UCL claim under the unlawful prong. *See Renick v. Dun & Bradstreet Receivable Mgmt. Services*, 290 F.3d 1055, 1057–58 (9th Cir. 2002). Conduct that violates obligations imposed by common law would also be sufficient to support a UCL claim under the unlawful prong. *See Newton v. Am. Debt Servs., Inc.*, 75 F. Supp. 3d 1048, 1058 (N.D. Cal. 2014) (citing *Zhang v. Superior Court*, 57 Cal. 4th 364, 384 (2013)). For a breach of contract to be the basis of a UCL claim, the breaching conduct must also constitute conduct that is unlawful, unfair, or fraudulent. *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 645 (2008).

Here, Plaintiffs have alleged sufficient facts to state a claim for breach of contract, *see* Section III.C.i., *supra*, and to state a claim for violations of the FDCPA, *see* section III.C.viii., *infra*. Plaintiffs fail to articulate what about the breach was also unlawful, unfair, or fraudulent; therefore, the breach cannot be the basis of the UCL violation. However, Plaintiffs do sufficiently plead a violation of the FDCPA, which is a viable basis for a UCL violation. Therefore, Plaintiffs have sufficiently pled a claim under the unlawful prong.

/ / /

/ / /

*b.      Plaintiffs fail to sufficiently allege unfair conduct.*

To state a claim under the unfair prong of the UCL, a plaintiff needs to plead conduct that is unfair because it (1) "offends an established public policy" or (2) "is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" and the utility of that conduct is outweighed by the harm to the consumer. *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012). "[A] practice may be deemed unfair even if not specifically proscribed by some other law." *Cel-Tech Commc'ns, Inc.*, 20 Cal. 4th at 180.

Plaintiffs allege Ocwen acted unfairly when it entered into the Contract and DIL. In connection with the Contract and DIL, Ocwen represented the Loan would be cancelled, and the Subject Property would be accepted by them. However, Ocwen subsequently transferred the Loan rather than settling it pursuant the Contract. Plaintiffs allege they were economically damaged by the collections actions, credit reporting, and ultimate foreclosure on the Subject Property that occurred thereafter. Plaintiffs further allege Ocwen engaged in similar conduct with other borrowers and these other lawsuits show a pattern of practice of not honoring settlement agreements and deeds in lieu of foreclosure. (*See* Doc. No. 1-4 ¶ 108.) Ocwen repeats their argument that they always had the ability to foreclose under the Contract and, in the alternative, they did not personally foreclose on the Subject Property.

Plaintiffs fail to articulate what about Ocwen's election under the Contract was unfair. Plaintiffs point to no established policy under state or federal law as a basis for an unfair finding. Plaintiffs also do not articulate what about Ocwen's conduct was "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" beyond the conclusory statements that they engaged in misconduct. As plead, Plaintiffs' FAC does not allege anything more than a breach of contract as to Ocwen. Plaintiffs do allege the breach of contract was intentional, but Plaintiffs have not pled sufficient facts to support such a claim. As such, Plaintiffs fail to satisfy the unfair prong of the UCL.

/ / /

/ / /

### c.  Plaintiffs fail to sufficiently allege fraudulent conduct.

To state a claim under the fraudulent prong of the UCL, courts utilize the "reasonable consumer" standard, which requires the plaintiff to "show that members of the public are likely to be deceived." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (internal citation and quotation marks omitted). If a UCL claim is grounded in alleged fraud, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009).

Here, Plaintiffs' fraudulent prong UCL claim fails because, as discussed above, fraud was not sufficiently pled and Plaintiffs have not alleged sufficient facts showing the public is likely to be deceived by Ocwen's conduct. The FAC is premised on the Contract between Plaintiffs and Ocwen. While Plaintiffs do allege Ocwen engages in the same conduct with other borrowers, Plaintiffs do not specifically allege how that conduct is fraudulent. Ocwen argues the claim lacks the particularity required by Rule 9(b). (Doc. No. 6-1 at 22–23.) The Court agrees. As such, Plaintiffs fail to satisfy the fraudulent prong of the UCL.

### d.  Plaintiffs fail to sufficiently allege economic injury.

Ocwen argues "Plaintiffs cannot show entitlement to any relief prescribed by the UCL." (Doc. No. 6-1 at 23.) The Court agrees.

"A plaintiff suffers an injury in fact for purposes of standing under the UCL when he or she has: (1) expended money due to the defendant's acts of unfair competition; (2) lost money or property; or (3) been denied money to which he or she has a cognizable claim." *Marilao v. McDonald's Corp.*, 632 F. Supp. 2d 1008, 1012 (S.D. Cal. 2009) (internal citations omitted). "[T]he UCL is not an all-purpose substitute for a tort or contract action." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1150 (2003). "[P]laintiffs are generally limited to injunctive relief and restitution." *Cel-Tech Commc'ns, Inc.*, 20 Cal. 4th at 179.  "Plaintiffs may not receive damages . . . or attorney fees." *Id*. Further, "nonrestitutionary disgorgement of profits is not an available remedy in an individual action under the UCL." *Korea Supply Co.*, 29 Cal. 4th at 1152. However, the

California Supreme Court "rejected in *Clayworth* the argument that if the plaintiffs could demonstrate no compensable losses or entitlement to restitution under section 17203 [of the UCL], they would lack standing under section 17204. As [the Court] explained, 'this argument conflates the issue of standing with the issue of the remedies to which a party may be entitled. That a party may ultimately be unable to prove a right to damages (or, here, restitution) does not demonstrate that it lacks standing to argue for its entitlement to them.'" *Kwikset Corp.*, 51 Cal. 4th at 336 (*citing Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 789 (2010)).

Nonetheless, Plaintiffs' FAC does not allege any facts that they expended any money due to Ocwen's, or any Defendants' unfair business practices, they have lost money or property, or have been denied money or property to which they have a legal right. Simply stating in conclusory fashion that money has been lost is insufficient. "Likewise, the negative credit rating . . . is not a loss capable of restitution. A negative credit rating is not an identifiable sum of money." *Smith v. Nat'l City Mortg.*, No. 2:10-CV-00359 JAM, 2010 WL 5477688, at *7 (E.D. Cal. Dec. 30, 2010). The Court finds Plaintiffs have failed to sufficiently allege their economic injury to satisfy the second element of a UCL claim.

Accordingly, the Court **GRANTS** Ocwen's motion to dismiss as to this claim.

*vii.* *Intentional Infliction of Emotional Distress Claim*

Ocwen moves to dismiss the seventh cause of action for intentional infliction of emotional distress ("IIED") for failing to state a claim on the grounds that the foreclosure of the Subject Property was: (1) not extreme or outrageous; (2) not performed by Ocwen; and/or (3) the Contract allowed for foreclosure.

In order to state a plausible claim for IIED, a plaintiff must plead facts sufficient to show: (1) defendant engaged in extreme and outrageous conduct; (2) defendant intended to cause, or acted in reckless disregard of the probability of causing, emotional distress; (3) plaintiff suffered severe or extreme emotional distress; and (4) defendant's extreme and outrageous conduct was the actual and proximate cause of plaintiff's emotional distress. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050–51 (2009) (citing *Potter v. Firestone Tire & Rubber*

*Co.*, 6 Cal. 4th 965, 1001 (1993)). "The law limits claims of intentional infliction of emotional distress to egregious conduct *toward plaintiff* proximately caused by defendant." *Potter*, 6 Cal. 4th at 1001 (internal punctuation omitted, italics in original).

Plaintiffs allege Ocwen lied, breached the Contract, reported Plaintiffs as delinquent, and foreclosed on the Subject Property. Plaintiffs argue Ocwen did so intending to cause emotional distress or with reckless disregard of the probability that Plaintiffs would suffer emotional distress and Ocwen's conduct did in fact cause emotional distress to Plaintiffs. Ocwen argues that Plaintiffs' IIED claim must fail because a foreclosure is not outrageous or egregious, Ocwen did not personally foreclose on the Subject Property, and the Contract and DIL "explicitly provided for nonjudicial foreclosure." (Doc. No. 6-1 at 21.) The Court agrees and finds Plaintiffs have not alleged facts sufficient to state a plausible claim for IIED.

### a. Plaintiffs fail to plead outrageous and egregious conduct sufficiently.

To be outrageous and egregious, conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminister,* 32 Cal. 3d 197, 209 (1982).

The FAC does not contain sufficient facts to show Ocwen's conduct "exceeds all bounds of civilized society." *See id*. Plaintiffs allege no facts tending to show the breach of contract or foreclosure were inherently outrageous or that anyone involved acted or behaved in an outrageous fashion. Ocwen's conduct, as pled by Plaintiffs which is assumed to be true, could constitute bad or wrongful conduct, but alone do not sufficiently demonstrate outrageous or egregious conduct. *Accord Sierra-Bay Fed. Land Bank Assn. v. Superior Court*, 227 Cal. App. 3d 318, 334 (1991) ("It is simply not tortious for a commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not paid."); *Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1204 (S.D. Cal. 2010) ("The fact that one of Defendant [bank's] employees allegedly stated that the sale would not occur but the house was sold anyway is not outrageous as that word is used in this context."); *Sandy v. McClure*, 676 F. Supp. 2d 866, 883 (N.D. Cal. 2009) (finding

breach of a partnership agreement was not sufficiently outrageous to support a claim of IIED); *Kennedy v. World Sav. Bank, FSB,* No. 14-CV-5516-JSC, 2015 WL 1814634, at \*9 (N.D. Cal. Apr. 21, 2015) ("multiple California district courts have held that the act of foreclosing on a home does not qualify as the type of extreme behavior that supports an IIED claim absent allegations of bad faith.") (citing *Davenport v. Litton Loan Servicing, LP,* 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010)).

> **b.** *Plaintiffs fail to plead intent to cause extreme emotional distress sufficiently.*

Plaintiffs then allege these acts were committed with an intent to cause emotional distress to Plaintiffs or with reckless disregard of the probability that Plaintiffs would suffer emotional distress. (Doc. No. 1-4 ¶ 137.) Beyond these conclusory allegations, the FAC contains no facts to support Ocwen's purported intent or reckless disregard.

> **c.** *Plaintiffs fail to plead severe emotional distress sufficiently.*

"Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *Hughes*, 46 Cal. 4th at 1051 (quoting *Potter*, 6 Cal. 4th at 1004) (internal quotation marks omitted). Liability for IIED "'does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Molko v. Holy Spirit Assn.*, 46 Cal. 3d 1092, 1122 (1988) (quoting Rest. 2d Torts, § 46, com. d.).

Plaintiffs' allegations that they experienced anxiety, trouble sleeping, embarrassment, and emotional reactions as a result of the ultimate foreclosure and discovering squatters on the property do not constitute "emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *Hughes*, 46 Cal. 4th at 1051.

The Court finds Plaintiffs' FAC fails to allege facts sufficient to satisfy the elements for IIED. Accordingly, the Court **GRANTS** Ocwen's motion to dismiss as to this claim.

/ / /

/ / /

###### viii. *Violations of Federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)*

Ocwen moves to dismiss the eighth cause of action for violations of Section 1692 *et seq*. of Title 15 of the United States Code, the Federal Fair Debt Collection Practices Act ("FDCPA"), for failing to state a claim on the following grounds: (1) nonjudicial foreclosure does not qualify as an attempt to collect and debt and (2) Ocwen does not qualify as a debt collector under the FDCPA.

"The FDCPA, 15 U.S.C. § 1692 *et seq.*, was enacted 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.' … The FDCPA regulates the collection of 'debts' by 'debt collectors' by regulating the number and type of contacts a debt collector may make with the debtor." *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009) (quoting 15 U.S.C. § 1692(e)). To state a claim under the FDCPA, a plaintiff must sufficiently allege: (1) the plaintiff is a "consumer"; (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a "debt collector"; and (4) the defendant violated one of the provisions contained in 15 U.S.C. §§ 1692a–1692o. *Turner v. Cook,* 362 F.3d 1219, 1226–27 (9th Cir. 2004).

Plaintiffs allege they are "consumers" (*i.e.* "natural person[s] obligated or allegedly obligated to pay any debt"). *See* 15 U.S.C.A. § 1692a(3). The debt at issue, *i.e.* the Loan, arises out of the purchase of the Subject Property, which is a personal residence. (Doc. No. 1-4 ¶ 144.) Plaintiffs go on to allege Defendants, collectively, are "debt collectors" under the section 1692a(6) because they engaged in collection activities and violated sections 1692e (made false and misleading representations) and 1692f (engaged in unfair practices) with said collection activities. (*Id.* ¶¶ 146–49.) The collection activities alleged include, sending late payment demands, offering loan modifications, recording the NTS,

foreclosing on the Subject Property, and reporting Plaintiffs as being in default to the credit agencies. (*Id.*)

Ocwen argues that non-judicial foreclosure does not qualify as an attempt to collect a debt and that it is not a debt collector under the FDCPA. While non-judicial foreclosure activity does not qualify as a "debt" under section 1692a, the Ninth Circuit recently held such activity is an attempt to "enforce a security interest" under section 1692f. *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 971 (9th Cir. 2017). Therefore, entities, like Ocwen, engaging in non-judicial foreclosure activity are "debt collectors" under section 1692f. *See id.* Additionally, in correspondence from Ocwen to Plaintiffs, Ocwen identifies itself as a "debt collector attempting to collect a debt." (Doc. No. 1-4, Ex. B at 54.)

Section 1692f states in pertinent part that the following conduct is a violation of the FDCPA "(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property…." 15 U.S.C. § 1692f(6). Plaintiffs allege they settled and extinguished the underlying debt and the Loan and they deeded the property back to Ocwen. (Doc. No. 1-4 ¶ 144.) Thus, there was no enforceable security interest as Ocwen, through the DIL, owned the property and not Plaintiffs. These facts are sufficient to state a plausible violation under section 1692f of the FDCPA.

Accordingly, the Court **DENIES** Ocwen's motion to dismiss as to this claim.

### ix. Negligence Per Se Claim

Negligence *per se* is not an independent cause of action or right of action from negligence. *Quiroz v. Seventh Ave. Center*, 140 Cal. App. 4th 1256, 1285–86 (2006). Rather, negligence *per se* is an evidentiary presumption. *See id.* Thus, Plaintiffs should not plead this as a separate cause of action, but rather may use it as an evidentiary presumption to establish other causes of action. Accordingly, the Court **GRANTS** Ocwen's motion to dismiss as to this claim.

/ / /

D.    Defendant Christiana Trust's Motion to Dismiss

Christiana Trust moves to dismiss all nine causes of action in Plaintiffs' FAC for failure to state a claim as to each cause of action. The Court will assess the sufficiency of each claim as to Christiana Trust in turn.

i.    *Breach of Written Contract Claim*

Christiana Trust moves to dismiss the first cause of action on the following grounds: (1) Christiana Trust is not a party to the Contract and (2) Christiana Trust did not engage in any conduct that breached the Contract.

The Court adopts the legal standard for this cause of action in section III.C.i., *supra*. Additionally, "a contract cannot bind a nonparty, whether the nonparty is an intended beneficiary or not." *F.B.T. Prods., LLC v. Aftermath Records*, 827 F. Supp. 2d 1092, 1104 (C.D. Cal. 2011) (citing *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty.")).

In *F.B.T.*, the district court held that plaintiffs were not a party to or a signatory on the 2009 agreement or the settlement agreement and therefore, could not be bound by the provisions in either. *Id*. This was despite reference to plaintiffs in both agreements. *Id*. Similarly, here, Christiana Trust is referenced in the Contract and the DIL, as the trustee for which Ocwen is the servicer. (Doc. No. 6-3 at 13, 17.) However, they are not listed as a party to the Contract, nor are they a signatory. Therefore, Christiana Trust cannot be found to be in breach of the Contract as currently pled.

Accordingly, the Court **GRANTS** Christiana Trust's motion to dismiss as to this claim.

ii.    *Breach of Implied Covenant of Good Faith and Fair Dealing Claim*

Christiana Trust moves to dismiss the second cause of action on the following grounds: (1) Christiana Trust is not a party to the Contract; (2) Plaintiffs are seeking to impose duties inconsistent with the terms of the parties' Contract; (3) Plaintiffs' claim is duplicative of their breach of contract claim; and (4) Plaintiffs fail to allege a special relationship between the parties as required to support a claim for punitive damages.

The Court adopts the legal standard for this cause of action in section III.C.ii., *supra*. Because Christiana Trust is not a party to nor a signatory on the Contract, Plaintiffs' breach of implied covenant claim, as currently pled, also fails. For this reason, Court declines to address the remainder of Christiana Trust's arguments as to this cause of action.

Accordingly, the Court **GRANTS** Christiana Trust's motion to dismiss as to this claim.

### iii.    Fraud and Intentional Misrepresentation Claim

Christiana Trust moves to dismiss the third cause of action on the following grounds: (1) the FAC does not contain allegations of fraud as to Christiana Trust; (2) any statements or promises allegedly made during negotiations are not actionable because of the execution of the Contract; and (3) Plaintiffs claims falls short of the Rule 9(b) requirements.

The Court adopts the legal standard and reasoning for this claim as detailed in section III.C.iii., *supra*. Plaintiffs fail to plead their fraud claim with particularity as required by Rule 9(b). *See Vess*, 317 F.3d at 1106–07 (stating a plaintiff must include "the who, what, where, when and how" of the fraud).

Accordingly, the Court **GRANTS** Christiana Trust's motion to dismiss as to this claim.

### iv.    Negligent Misrepresentation Claim

Christiana Trust relies on the failure of the third cause of action (fraud claim) to argue the negligent misrepresentation claim must also fail.

The Court adopts the legal standard and reasoning for this claim as detailed in section III.C.iv., *supra*. Plaintiffs have failed to plead their negligent misrepresentation claim with particularity as required by Rule 9(b) and Plaintiffs allegations are insufficient to state a claim for negligent misrepresentation.

Accordingly, the Court **GRANTS** Christiana Trust's motion to dismiss as to this claim.

/ / /

/ / /

### v. Negligence Claim

Christiana Trust moves to dismiss the fifth cause of action on the ground that it fails as a matter of law because Christiana Trust owed no duty of care to Plaintiffs.

The Court adopts the legal standard for this claim as detailed in section III.C.v., *supra*. Plaintiffs allege Christiana Trust owed them a "general duty of care . . . to prevent causing injury to Plaintiff." (Doc. No. 1-4 ¶ 77.) However, the FAC is unclear as to the basis of Christiana Trust's "general duty of care," how Christiana Trust breached that duty, or how Christiana Trust caused Plaintiffs' alleged injuries. Merely reciting the duty element is insufficient to establish Christiana Trust owed Plaintiffs a duty of care. *See Iqbal*, 556 U.S. at 678. As pled, Christiana Trust was the trustee on the deed of trust for which Ocwen was the servicer. These facts alone are insufficient to show Christiana Trust owed Plaintiffs a duty of care.

Accordingly, the Court **GRANTS** Christiana Trust's motion to dismiss as to this claim.

### vi. Violations of California Business and Professions Code § 17200 Claim

Christiana Trust moves to dismiss the sixth cause of action on the following grounds: (1) Plaintiffs cannot satisfy the unlawful prong of the UCL; (2) Plaintiffs cannot satisfy the unfair prong of the UCL; (3) Plaintiffs cannot satisfy the fraudulent prong of the UCL; and (4) Plaintiffs cannot show entitlement to any relief prescribed by the UCL.

The Court adopts the legal standards and reasoning for this claim as detailed in sections III.C.vi., *supra*. As discussed above, Plaintiffs have pled facts sufficient to support a violation under the FDCPA. Therefore, Plaintiffs have sufficiently alleged facts to support a violation of the UCL under the unlawful prong.

Christiana Trust also argues Plaintiffs cannot satisfy the unfairness prong of the UCL. Plaintiffs allege that Christiana Trust engaged in continued collection activities without a valid security interest to enforce. Thus, Plaintiffs have alleged facts to support their claim Christiana Trust acted unfairly. Therefore, Plaintiffs have sufficiently alleged violation of the UCL under the unfairness prong.

Lastly, as previously discussed, Plaintiffs' FAC fails to plead their fraud claims with particularity and, therefore, must fail. Furthermore, Plaintiffs fail to allege how the public would be likely be deceived by Christiana Trust's conduct.

As stated in section III.C.vi., *supra*, the Court finds Plaintiffs fail to sufficiently allege their economic injury to satisfy the second element of a UCL claim.

Accordingly, the Court **GRANTS** Christiana Trust's motion to dismiss as to this claim.

### vii. Intentional Infliction of Emotional Distress Claim

Christiana Trust moves to dismiss the seventh cause of action on the ground that no extreme or outrageous activity occurred.

The Court adopts the legal standards and reasoning for this claim as detailed in section III.C.vii., *supra*. Plaintiffs have not alleged any facts to show that Christiana Trust engaged in outrageous or egregious conduct.

Accordingly, the Court **GRANTS** Christiana Trust's motion to dismiss as to this claim.

### viii. Violations of 15 U.S.C. § 1692 et seq. Claim

Christiana Trust moves to dismiss the eighth cause of action on the following grounds: (1) Christiana Trust is not a "debt collector" within the meaning of the statute and (2) foreclosing on a property pursuant to a deed of trust is not a "collection of a debt" within the meaning of the statute.

The Court adopts the legal standard for this claim as detailed in section III.C.viii., *supra*. Plaintiffs allege that Christiana Trust continued collection activities without a valid security interest to enforce. Accordingly, Plaintiffs have alleged sufficient facts to show Christiana Trust engaged in a "collection of a debt." Christiana Trust argues they are not a debt collector within the meaning of the FDCPA. (Doc. No. 24-1 at 22.) Under section 1692f(6), Christiana Trust may be found to be a debt collector. *See Dowers*, 852 F.3d at 971. As such, these facts are sufficient to state a plausible violation of section 1692f of the FDCPA.

Accordingly, the Court **DENIES** Christiana Trust's motion to dismiss as to this claim.

*ix.* *Negligence Per Se Claim*

Negligence *per se* is not an independent cause of action or right of action from negligence. *Quiroz*, 140 Cal. App. 4th at 1285–86. Rather, negligence *per se* is an evidentiary presumption. *See id.* Thus, Plaintiffs should not plead this as a separate cause of action, but rather may use it as an evidentiary presumption to establish other causes of action. Accordingly, the Court **GRANTS** Christiana Trust's motion to dismiss as to this claim.

E. <u>Defendants Caliber Home Loans, Inc. and U.S. Bank Trust, N.A.'s Motion to Dismiss</u>

Caliber Home Loans, Inc., and U.S. Bank Trust, N.A., (collectively "Caliber") move to dismiss all nine causes of action in Plaintiffs' FAC for failure to state a claim on various grounds. The Court will assess the sufficiency of each claim as to Caliber in turn.

*i.* *Breach of Written Contract Claim*

Caliber moves to dismiss the first of action on the ground that Caliber was not a party to the Contract.

The Court adopts the legal standard for this cause of action in section III.C.i., *supra*. Additionally, "a contract cannot bind a nonparty, whether the nonparty is an intended beneficiary or not." *F.B.T. Prods., LLC*, 827 F. Supp. 2d at 1104 (citing *EEOC,* 534 U.S. at 294 ("It goes without saying that a contract cannot bind a nonparty.")). Plaintiffs allege they entered into the Contract with Ocwen. There are no allegations that Caliber was a party or a signatory to the contract. Plaintiffs argue in their oppositions papers that Caliber assumed Ocwen's obligations under the Contract, (Doc. No. 30 at 5), however, Plaintiffs offer no facts to support their claim beyond that conclusory statement. Furthermore, as stated in section III.B., *supra*, Plaintiffs fail to adequately plead conspiracy or agency among the Defendants. Therefore, Caliber cannot be found to be in breach of the Contract as currently pled.

1  Accordingly, the Court **GRANTS** Caliber's motion to dismiss as to this claim.

2  *ii.     Breach of Implied Covenant of Good Faith and Fair Dealing Claim*

3  Caliber moves to dismiss the second cause of action on the ground that there is no
4  viable breach of contract claim against them.

5  The Court adopts the legal standard for this cause of action in section III.C.ii., *supra*.
6  Caliber is not a party to nor a signatory on the Contract. Plaintiffs' allegations of
7  conspiracy, agency, and assumption of contractual obligations were also insufficiently pled
8  thus, Plaintiffs' breach of implied covenant claim also fails.

9  Accordingly, the Court **GRANTS** Caliber's motion to dismiss as to this claim.

10  *iii.     Fraud and Intentional Misrepresentation Claim*

11  Caliber moves to dismiss the third cause of action on the following grounds: (1) the
12  claim fails to satisfy Rule 9(b) and (2) Caliber did not start servicing the Loan until after
13  Contract was purportedly in effect.

14  The Court adopts the legal standard and reasoning for this claim as detailed in section
15  III.C.iii., *supra*. Plaintiffs fail to plead their fraud claim with particularity as required by
16  Rule 9(b). *See Vess*, 317 F.3d at 1106–07 (stating a plaintiff must include "the who, what,
17  where, when and how" of the fraud).

18  Accordingly, the Court **GRANTS** Caliber's motion to dismiss as to this claim.

19  *iv.     Negligent Misrepresentation Claim*

20  Caliber move to dismiss the fourth cause of action on the following grounds: (1) the
21  claim fails to satisfy Rule 9(b) and (2) Caliber did not start servicing the Loan until after
22  Contract was purportedly in effect.

23  The Court adopts the legal standard and reasoning for this claim as detailed in section
24  III.C.iv., *supra*. Plaintiffs fail to plead their negligent misrepresentation claim with
25  particularity as required by Rule 9(b) and Plaintiffs' allegations are insufficient to state a
26  claim for negligent misrepresentation.

27  Accordingly, the Court **GRANTS** Caliber's motion to dismiss as to this claim.

28  / / /

*v.*      *Negligence Claim*

Caliber moves to dismiss the fifth cause of action on the ground that they did not owe Plaintiffs a duty of care.

The Court adopts the legal standard for this claim as detailed in section III.C.v., *supra*. Plaintiffs allege that Caliber owed them a "general duty of care . . . to prevent causing injury to Plaintiff." (Doc. No. 1-4 ¶ 77.)

However, the FAC is unclear as to the basis of Caliber's "general duty of care," how Caliber breached that duty, or how Caliber caused Plaintiffs' alleged injuries. Merely reciting the duty element is insufficient to establish Caliber owed Plaintiffs a duty of care. *See Iqbal*, 556 U.S. at 678. As pled, Caliber was the successor servicer and U.S. Bank was the trustee on the deed of trust. These facts alone are insufficient to show Caliber owed Plaintiffs a duty of care.

Accordingly, the Court **GRANTS** Caliber's motion to dismiss as to this claim.

*vi.*      *Violations of California Business and Professions Code § 17200 Claim*

Caliber moves to dismiss the sixth cause of action on the following grounds: (1) Plaintiffs' UCL claim is predicated on Plaintiffs' other causes of action and each of them fail and (2) Plaintiffs lack standing to bring a UCL claim because Plaintiffs have not suffered an injury in fact.

The Court adopts the legal standards and reasoning for this claim as detailed in sections III.C.vi., *supra*. A violation of the FDCPA is a viable basis for asserting a violation under the unlawful of the UCL. *See Renick*, 290 F.3d 1058. As discussed above, Plaintiffs have pled facts sufficient to support a violation under the FDCPA. Therefore, Plaintiffs have sufficiently alleged facts to support a violation of the UCL under the unlawful prong.

However, as stated in section III.C.vi., *supra*, the Court finds Plaintiffs have failed to sufficiently allege their economic injury to satisfy the second element of a UCL claim.

Accordingly, the Court **GRANTS** Caliber's motion to dismiss as to this claim.

/ / /

/ / /

### vii.   Intentional Infliction of Emotional Distress Claim

Caliber moves to dismiss the seventh cause of action on the following grounds: (1) breach of contract cannot be the basis of an IIED claim and (2) wrongful foreclosure cannot be the basis of an IIED claim.

The Court adopts the legal standards and reasoning for this claim as detailed in section III.C.vii., *supra*. The Court finds Plaintiffs have not sufficiently pled facts to support their IIED claim.

Accordingly, the Court **GRANTS** Caliber's motion to dismiss as to this claim.

### viii.   Violations of 15 U.S.C. § 1692 et seq. Claim

Caliber moves to dismiss the eighth cause of action on the following grounds: (1) Caliber is not a "debt collector" within the meaning of the statute and (2) foreclosing on a property pursuant to a deed of trust is not a "collection of a debt" within the meaning of the statute.

The Court adopts the legal standard for this claim as detailed in section III.C.viii., *supra*. Plaintiffs allege that Caliber continued collection activities against Plaintiffs without a valid security interest to enforce. Thus, Plaintiffs have alleged sufficient facts to support to show Caliber engaged in a "collection of a debt." Caliber argues they are not a debt collector within the meaning of the FDCPA. (Doc. No. 27-1 at 17–18.) Under section 1692f(6), Caliber may be found to be a debt collector for the same reason Ocwen and Christiana Trust may be debt collectors. *See Dowers*, 852 F.3d at 971. Therefore, these facts are sufficient to state a plausible violation of section 1692f of the FDCPA.

Accordingly, the Court **DENIES** Caliber's motion to dismiss as to this claim.

### ix.   Negligence Per Se Claim

Negligence *per se* is not an independent cause of action or right of action from negligence. *Quiroz*, 140 Cal. App. 4th at 1285–86. Rather, negligence *per se* is an evidentiary presumption. *See id.* Thus, Plaintiffs should not plead this as a separate cause of action, but rather may use it as an evidentiary presumption to establish other causes of action. Accordingly, the Court **GRANTS** Caliber's motion to dismiss as to this claim.

F.    Leave to Amend

The Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's deficiency. *Id.*; *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988). Here, the Court finds leave to amend appropriate, particularly in light of the lack of clarity as to each individual Defendants' liability for each cause of action. Accordingly, the Court **GRANTS** Plaintiffs leave to amend.

## IV.    CONCLUSION

Based on the foregoing reason, the Court therefore **GRANTS** in part and **DENIES** in part Ocwen's motion to dismiss; **GRANTS** in part and **DENIES** in part Christiana Trust's motion to dismiss; and **GRANTS** in part and **DENIES** in part Caliber's motion to dismiss. Plaintiffs are **GRANTED LEAVE TO AMEND**. Plaintiffs must file an amended complaint by **November 4, 2019**.

**IT IS SO ORDERED.**

Dated:  September 30, 2019

Hon. Anthony J. Battaglia
United States District Judge

18-cv-02467-AJB-WVG